**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 21, 2024

LETTER TO PARTIES

RE: *Roderick J. v. Commissioner, Social Security Administration*
Civil No. SAG-23-3019

Dear Plaintiff and Counsel:

Plaintiff, proceeding pro se, has filed a Complaint in which he alleges that the Social Security Administration ("SSA" or "Defendant") has failed to remit certain benefit payments. ECF No. 1. Four Motions are now pending: (1) Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment; (2) Plaintiff's Motion to Grant Judgment; (3) Plaintiff's Motion to Sue for Back Pay; and (4) Plaintiff's Motion for the Issuance of a Subpoena.[1] ECF Nos. 2, 8, 10, 15. The parties have not responded to each other's Motions. Having reviewed the Motions, the Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, the Court will deny Plaintiff's Motions and defer ruling on Defendant's Motion.

At the outset, the Court notes its duty to "liberally constru[e]" a pro se complaint to "allow the development of a potentially meritorious case." *Wagner v. United States*, 486 F. Supp. 2d 549, 557 (D.S.C. 2006); *accord Shaw v. Foreman*, 59 F.4th 121, 128 (4th Cir. 2023) (noting that courts should read pro se complaints "to raise the strongest arguments that they suggest"). In his Complaint, Plaintiff requests past-due benefit payments and alleges that he was awarded benefits by the SSA on July 7, 2021. ECF No. 1. In response, Defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 10. Insofar as Defendant seeks dismissal under Federal Rule 12(b)(6), Plaintiff's allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Insofar as Defendant seeks summary judgment, it must show that "no genuine dispute as to any material fact" exists and that Defendant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In its Motion, Defendant correctly notes that the SSA's "decisions" and "findings of fact" are reviewable only as set forth in 42 U.S.C. § 405(g) and that judicial review under Section 405(g) is unavailable absent a "final decision" of the SSA Commissioner. ECF No. 10-1 at 3–4 (quoting

---

[1] Plaintiff's Motion for the Issuance of a Subpoena is incorrectly styled and docketed as a Motion for Extension of Time. ECF No. 15.

42 U.S.C. § 405(g), (h)). Because Plaintiff "has not received a 'final decision of the Commissioner' and thus did not exhaust his administrative remedies, as is required before judicial review under 42 U.S.C. § 405(g) may be sought," Defendant contends that dismissal is warranted. *Id.* at 1–2.

Defendant has correctly stated the law but has misapprehended the Complaint. Plaintiff does not challenge a decision or factual finding of the SSA. *See* ECF No. 1. Instead, he seeks to recover overdue benefit payments to which he allegedly became entitled pursuant to an SSA decision. *See id.* Mindful of its duty to construe pro se pleadings generously, the Court reads the Complaint as seeking to "compel agency action unlawfully withheld or unreasonably delayed" pursuant to 5 U.S.C. § 706(1). To prevail on this claim, Plaintiff must demonstrate: (1) the existence of a discrete, ministerial duty on the part of the SSA; (2) a delay in carrying out that duty; and (3) that the delay "was unlawful or unreasonable in light of prejudice to one of the parties." *Santillan v. Gonzales*, 388 F. Supp. 2d 1065, 1073 (N.D. Cal. 2005).

Because the administrative record (if any) has not been filed with the Court, it is unclear whether the SSA failed to carry out a duty to provide benefit payments to Plaintiff. Defendant has filed a Declaration stating that there is "no indication of an Administrative Law Judge decision or dismissal, or a request for review before the Appeals Council," relating to Plaintiff. ECF No. 10-2 at 2–3. But this statement does not foreclose the possibility that the SSA rendered a favorable decision on Plaintiff's application for benefits without the involvement of an Administrative Law Judge.[2] The Court finds that the clarification of this issue is essential to determining whether dismissal is warranted. It will therefore defer ruling on Defendant's Motion pending the filing of the administrative record (if any) and the submission of supplemental briefs.

The Court next turns its attention to Plaintiff's Motions. First, Plaintiff has filed a Motion to Sue for Back Pay. ECF No. 2. Because Plaintiff already filed a Complaint, this Motion is an unnecessary redundancy. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Moreover, the Motion contains no request for a specific ruling or order, so the Court is constrained to deny it. *See* Fed. R. Civ. P. 7(b)(1) (providing that a motion must "state with particularity the grounds for seeking [an] order" and "state the relief sought").

Plaintiff has also filed a Motion to Grant Judgment. ECF No. 8. In contravention of Federal Rule 7, Plaintiff does not state any legal bases for this Motion. *See* Fed. R. Civ. P. 7(b)(1)(B). Assuming that Plaintiff seeks judgment on the pleadings, the absence of a responsive pleading in this case forecloses the availability of such relief. *See Stands Over Bull v. Bureau of Indian Affs.*, 442 F. Supp. 360, 367 (D. Mont. 1977) ("When a defendant has failed to file an

---

[2] According to the SSA, most disability claims "are initially processed through a network of local . . . field offices and State agencies (usually called Disability Determination Services or DDSs). Subsequent appeals of unfavorable determinations may be decided in a DDS or by an administrative law judge in SSA's Office of Disability Adjudication and Review." *Disability Determination Process*, SSA.gov, https://www.ssa.gov/disability/determination.htm (last visited June 20, 2024).

*Roderick J. v. Commissioner, Social Security Administration*
Civil No. SAG-23-3019
June 21, 2024
Page 3

answer, a motion for judgment on the pleadings is not the correct procedural remedy."). Assuming that Plaintiff seeks summary judgment, the undisputed facts concerning the SSA's duty to remit payments have not yet been ascertained, which renders judgment as a matter of law improper. *See Ilaboya v. City of Hous.*, No. H-07-3084, 2007 WL 2986773, at *2 (S.D. Tex. Oct. 10, 2007) ("[A] motion for summary judgment cannot be granted when, given the state of discovery, it is not yet possible to ascertain whether essential assertions of fact made by the moving party will be in genuine dispute."). Because the Court cannot fathom an appropriate basis for entering judgment in Plaintiff's favor at this time, it will deny Plaintiff's Motion to Grant Judgment.

Lastly, Plaintiff has filed a Motion for the Issuance of a Subpoena. ECF No. 15. Although Plaintiff does not specifically explain why this relief is warranted, he states that he is waiting for the SSA to release documents that support his claim. *See id.* Pursuant to Federal Rule 26, the Court "must limit the frequency or extent of discovery otherwise allowed . . . if it determines that[] . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C). As specified in the accompanying Order, Defendant will be directed to produce any administrative documents that are relevant to this case. Because these documents would likely contain the material that Plaintiff seeks, and because the filing of the record would be more convenient and less burdensome than the discovery that Plaintiff requests, the Court will deny Plaintiff's Motion for the Issuance of a Subpoena.

In sum, Plaintiff's Motion to Sue for Back Pay, ECF No. 2, Plaintiff's Motion to Grant Judgment, ECF No. 8, and Plaintiff's Motion for the Issuance of a Subpoena, ECF No. 15, are DENIED. Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 10, is DEFERRED as specified in the accompanying Order.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. An implementing Order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge