**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

December 9, 2024

**LETTER ORDER**

Re: Roderick J. v. Martin O'Malley, Commissioner, Social Security Administration[1]
Civil Case No. SAG-23-3019

Dear Plaintiff and Counsel:

On November 3, 2023, Plaintiff Roderick J. ("Plaintiff"), proceeding *pro se*, filed a Complaint in which he alleges that the Social Security Administration ("SSA" or "Commissioner" or "Defendant") has failed to remit certain benefit payments. ECF No. 1. On June 21, 2024, the Court deferred ruling on Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment "pending the filing of the administrative record (if any) and the submission of supplemental briefs[,]" to address whether "Plaintiff's Complaint and the administrative record (if any) warrant relief pursuant to 5 U.S.C. § 706(1)[,]" and whether "Plaintiff exhausted the relevant administrative remedies (if any) with respect to his request for overdue payments[.]" ECF Nos. 16, 17. Now pending before the Court are: (1) Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, and supplemental memorandum; (2) Plaintiff's Motion to Grant Plaintiff for Judgment; and (3) Plaintiff's Motion for Release of Funds. ECF Nos. 10, 21, 22, and 23. Having reviewed the parties' filings, the Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, the Court will DENY Plaintiff's Motions and GRANT Defendant's Motion. This letter explains why.

A federal court "may not proceed at all in a case unless it has jurisdiction[,]" *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001), and has a special obligation "to consider *sua sponte* [its] jurisdiction to entertain a case where, as here, [it] believe[s] that jurisdiction may be lacking[,]" *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (internal quotation marks omitted); *see MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990) (stating that courts have a continuing obligation to examine the basis for jurisdiction and may *sua sponte* raise this at any time). "If the court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action." Fed. Rule Civ. P. 12(h)(3). Accordingly, I may consider, on my own and independent of the parties' positions, whether the Court has power to hear this case.

Here, Defendant moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. However, the SSA's

---

[1] Plaintiff filed this case against "Social Security" on November 3, 2023. ECF No. 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

Roderick J. v. O'Malley
Civil No. SAG-23-3019
December 9, 2024
Page | 2

core argument questions whether the Court has subject matter jurisdiction to entertain Plaintiff's claims. *See* ECF No. 10-1; ECF No. 21. The SSA moves for dismissal because Plaintiff has not received a final decision by the Commissioner, as required by law to obtain judicial review under 42 U.S.C. § 405(g). ECF No. 10-1, at 3-6; ECF No. 21, at 5-6. In considering Defendant's Motion, I have considered the declaration of Janay Podraza, the Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, ECF No. 10-2 ("Podraza Decl."), and the declaration of Le-Toyja Averhart, the Center Director for Disability and Program Support, Management and Operations Support, Philadelphia Regional Office, of the SSA, ECF No. 21 ("Averhart Decl."), which the Commissioner filed along with supporting documentation. I have also considered the supporting documentation that Plaintiff included in his filings. ECF Nos. 22, 23.

Because I am considering matters outside the pleadings, I will exercise my discretion to treat the Commissioner's 12(b)(6) motion, as specifically requested in the alternative, as a motion for summary judgment pursuant to Rule 56.[2] Fed. R. Civ. P. 12(d). In such cases, courts must give all parties "reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Reasonable opportunity requires: (1) some notice by the court to the parties "it is treating the 12(b)(6) motion as a motion for summary judgment[,]" and (2) "the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). After receipt of the Commissioner's motion to dismiss, or alternatively for summary judgment, ECF No. 10, the Clerk of this Court mailed a "Rule 12/56 notice" to Plaintiff, ECF No. 11. This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See, e.g.*, *Janice D. v. Kijakazi*, No. SAG-22-3369, 2023 WL 5509314 (D. Md. Aug. 25, 2023); *Toi H. v. Kijakazi*, No. SAG-20-3260, 2022 WL 993774 (D. Md. Apr. 1, 2022); *Hutton v. Hickman*, No. ELH-19-3665, 2020 WL 7640825 (D. Md. Dec. 23, 2020); *Collins v. Gang*, No. JKB-19-2526, 2020 WL 7384877 (D. Md. Dec. 16, 2020); *Bogues v. Bishop*, No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020). The Rule 12/56 notice alerted Plaintiff to the potential consequences of a failure to appropriately respond to the Commissioner's motion. Plaintiff responded after the Rule 12/56 notice was mailed. Therefore, I find that Plaintiff received sufficient notice, by way of the title of the motion and the information in the Rule 12/56 notice, that the Commissioner's motion could be converted to one for summary judgment. I also find that Plaintiff had sufficient opportunity to seek and submit evidence and that conversion of the Commissioner's motion to one for summary judgment is appropriate.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of

---

[2] Courts retain discretion under Rule 12(d) to convert a 12(b)(6) motion to one under Rule 56 if the motion is styled as one under Rule 12(b)(6) or, in the alternative, Rule 56. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007); *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436 (D. Md. 2011), *aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462 (4th Cir. 2012).

showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in his claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a "scintilla of evidence" in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation[] or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

The Court finds that Plaintiff has not received a final decision of the Commissioner, and therefore, failed to exhaust his administrative remedies as required to obtain judicial review under 42 U.S.C. § 405(g). "The only avenue for judicial review" of a denial of Social Security benefits "is 42 U.S.C. § 405(g)." *Mathews v. Eldridge*, 424 U.S. 319, 327 (1976). In the Social Security context, Congress has explicitly stated that general federal question jurisdiction statute, 28 U.S.C. § 1331, does not establish subject matter jurisdiction for an action challenging a decision of the Commissioner of Social Security, 42 U.S.C. § 405(h), and instead has allowed such jurisdiction only after the Commissioner has rendered a final decision on a disability entitlement determination:

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . .

42 U.S.C. § 405(g). Thus, plaintiffs must exhaust all administrative remedies before bringing a claim in federal court. *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975) (stating that a final decision is "central to the requisite grant of subject-matter jurisdiction"); *Heckler v. Ringer*, 466 U.S. 602, 617 (1984) (holding that § 405(g) is the only avenue for judicial review and that exhaustion of remedies is a prerequisite to jurisdiction); *Hopewell Nursing Home, Inc. v. Heckler*, 784 F.2d 554, 557 (4th Cir. 1986) ("Plaintiffs must seek all possible administrative appeals provided by Congress.").

A final decision by the Commissioner is reached after a four-step administrative review process established by the SSA. 20 C.F.R. § 404.900(a)(5) (2015) (Title II); 20 C.F.R. § 416.1400(a)(5) (Title XVI). The process is as follows: (1) an initial determination is made about the claimant's entitlement to benefits, (2) if the claimant is dissatisfied, the claimant may pursue reconsideration, (3) a hearing before an ALJ to review the decision, and (4) the claimant may request a review before the Appeals Council. 20 C.F.R §§ 404.900(a)(1)-(4) (Title II); 416.1400(a)(1)-(4) (Title XVI). "Once the claimant has exhausted these administrative remedies, he may seek review in federal district court." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); *see also Weinberger*, 422 U.S. at 763-64 (noting that a final decision is a requirement for judicial review).

<u>Roderick J. v. O'Malley</u>
Civil No. SAG-23-3019
December 9, 2024
Page | 4

A claimant appealing must file the civil action "within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c). This process also applies in the context of retroactive payments. *See Carter v. Colvin*, No. 15-11485, 2017 WL 4418458, at *2 (S.D.W. Va. Oct. 5, 2017) (dismissing plaintiff's claim seeking payment of retroactive benefits because the claim had not proceeded beyond "step two" in the administrative process and thus was not a "final decision" of the Social Security Commissioner).

The Court is mindful of the well-established maxim that *pro se* pleadings are "liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Conway v. Kijakazi*, No. JRR-21-0502, 2023 WL 5153641, at *4 (D. Md. Aug. 10, 2023) (citation omitted); *Erickson v. Paradus*, 551 U.S. 89, 94 (2007). "Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available." *Gray v. Wash. Metro. Area Transit Auth.*, No. DKC-16-1792, 2017 WL 511910, at *2 (D. Md. Feb. 8, 2017) (citation omitted). However, "the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court." *Miller v. Jack*, No. 06-0064, 2007 WL 2050409, at *3 (N.D.W. Va. July 12, 2007) (citation omitted).

Here, Plaintiff seeks "back pay from March 2021 to January 2022" relating to his approval for Supplemental Security Income ("SSI") benefits. ECF No. 22, at 1; *see* ECF No. 1. The Court summarizes the relevant facts below, as attested to in Ms. Podraza's declaration and Ms. Averhart's declaration, which the Commissioner included as part of the SSA's filings. *See* Podraza Decl., ECF No. 10-2; Averhart Decl., ECF No. 21, at 10-13.

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for SSI benefits in February 2021. Averhart Decl. ¶ 2(a); *see* ECF No. 21, at 14-22. Plaintiff's DIB claims were denied initially because he was not insured for benefits on the alleged disability onset date, Averhart Decl. ¶ 2(b), and Plaintiff's SSI claims were denied initially because he had not provided certain requested information or evidence, *id.* ¶ 2(c); *see* ECF No. 21, at 23-49. Upon receipt of the requested information for Plaintiff's SSI claims, SSA solicited Maryland Disability Determination Services ("Maryland DDS") to render a determination as to whether Plaintiff satisfied the medical requirements for disability. Averhart Decl. ¶ 2(d). In October 2021, Maryland DDS determined that Plaintiff was medically disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 404-34, 1381-83f. *Id.* ¶ 2(e).

Where a claimant is adjudicated medically disabled for purposes of SSI, he must also meet the non-medical requirements for program eligibility, such as the income and resource requirements outlined in 20 C.F.R. §§ 416.202(c)-(d). *Id.* ¶ 2(f). On November 3, 2021, SSA notified Plaintiff by mail of an upcoming telephone appointment to determine whether he met the non-medical requirements for SSI and requested several supporting documents that Plaintiff should have available with him for the appointment, such as a lease or deed to his residence, a receipt for rent and bills for his utilities, bank statements going back to February 2021 and updated to show the current account balance, and life insurance policies. *Id.* ¶ 2(g); *see* ECF No. 21, at 50. The letter notified Plaintiff that his SSI claims would be denied if he did not provide the requested

information or contact the SSA by December 3, 2021. Averhart Decl. ¶ 2(g); *see* ECF No. 21, at 51. The SSA's letter was returned to the field office as undeliverable. Averhart Decl. ¶ 2(h). An SSA employee attempted to contact Plaintiff by telephone on November 30, 2021, but the telephone numbers Plaintiff had provided were not in service. *Id.* ¶ 2(i). Accordingly, Plaintiff's SSI claims were denied on December 14, 2021. *Id.* ¶ 2(j); *see* ECF No. 21, at 52-55.

Shortly after the December 14, 2021, denial notice, Plaintiff contacted SSA by telephone and advised SSA that he paid rent to his mother. Averhart Decl. ¶ 2(k). SSA advised Plaintiff that he was required to provide proof of rent paid because he had not reported any sources of income. *Id.* SSA mailed a letter to Plaintiff's mother on March 31, 2022, requesting she provide information confirming the existence of a rental agreement between Plaintiff and herself. *Id.* ¶ 2(l); *see* ECF No. 21, at 56-59. On the same day, SSA also mailed a letter to Plaintiff's representative payee notifying the payee that SSA still required verification of Plaintiff's living arrangements and advising that Plaintiff's SSI application would be denied if Plaintiff did not respond to the request or contact SSA by April 15, 2022. Averhart Decl. ¶ 2(l); *see* ECF No. 21, at 60-61. SSA received the requested living arrangement information on April 22, 2022. Averhart Decl. ¶ 2(m).

On or around that time, Plaintiff became incarcerated at a correctional institution in Maryland. *Id.* ¶ 2(n); *see* ECF No. 21, at 62-67. On November 3, 2023, Plaintiff filed a Complaint in this Court, requesting the payment of retroactive benefits. Podraza Decl. ¶ 3(b); ECF No. 21, at 3. SSA found "no indication of an Administrative Law Judge decision or dismissal, or a request for review before the Appeals Council[.]" Podraza Decl. ¶ 3(a). As of August 20, 2024, SSA was reviewing the period of eligibility and payment amount. Averhart Decl. ¶ 2(p). On August 27, 2024, SSA sent Plaintiff a Notice of Award informing him that he is owed back payments in the amount of $8,781.00 for March 2021 to January 2022. ECF No. 22-1, at 2.

Considering the foregoing, on the evidence before the Court, Plaintiff has not exhausted his administrative remedies and therefore, the Court lacks subject matter jurisdiction under 42 U.S.C. § 405(g). Specifically, Plaintiff's argument that he is entitled to receive payment of retroactive benefits is outside the scope of this Court's jurisdictional authority. The Notice of Award, issued after Plaintiff filed the Complaint, indicates that Plaintiff was disabled as of the protective filing date of February 26, 2021. ECF No. 22-1, at 2. SSA calculated that Plaintiff was entitled to $8,781.00 in back payments for the period of March 2021 to January 2022. *Id.*, at 2, 11-12. The notice also informed Plaintiff that he could ask for an appeal within 60 days of its receipt. *Id.*, at 6.

It does not appear that Plaintiff sought reconsideration, a hearing before an Administrative Law Judge, nor did the Appeals Council review his claim or deny his request for review. The amount of back payments subsequently calculated by the SSA, and the disbursement (or lack thereof) of those payments, is not subject to this Court's review because it does not constitute a final decision of the Commissioner made after a hearing. *See* 42 U.S.C. § 405(g). Any issue Plaintiff has with the disbursement of his back payments must be addressed directly with the SSA and is beyond the scope of this Court's review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.902 (setting forth "initial determinations" subject to administrative review, including the amount of a claimant's benefits, any overpayment or underpayment of benefits, and the nonpayment of benefits

because of confinement in a correctional facility).

Additionally, the Court finds that Plaintiff is not entitled to payment of retroactive benefits under 5 U.S.C. § 706(1). The Court previously read Plaintiff's Complaint as seeking to "compel agency action unlawfully withheld or unreasonably delayed" pursuant to 5 U.S.C. § 706(1). ECF No. 16, at 2. To prevail on this claim, Plaintiff must demonstrate: (1) the existence of a discrete, ministerial duty on the part of the SSA; (2) a delay in carrying out that duty; and (3) that the delay "was unlawful or unreasonable in light of prejudice to one of the parties." *Santillan v. Gonzales*, 388 F. Supp. 2d 1065, 1073 (N.D. Cal. 2005).

Defendant argues that "Plaintiff's statutory rights have not been denied by agency inaction as the Commissioner is barred from effectuating payment" of retroactive benefits to Plaintiff because Plaintiff is incarcerated. ECF No. 21, at 7. Plaintiff remains incarcerated at a correctional institution in Maryland. Averhart Decl. ¶ 2(n). An SSI claimant is not entitled to receive SSI payments for any month during which he is an inmate of a public institution. 42 U.S.C. § 1382(e)(1)(A); 20 C.F.R. §§ 416.201, 416.211, 416.1325. In addition, one cannot be eligible for payment of SSI benefits until the first day of the month following the day of his release from the institution. 20 C.F.R. §§ 416.211(a), 416.1325. Because Plaintiff is incarcerated, SSA stated that "the funds will be held until proof of [Plaintiff's] release is provided." Averhart Decl. ¶ 2(p) (citing 20 C.F.R. § 416.1325). Further, "[u]pon [Plaintiff's] release, Plaintiff should contact SSA with proof of his release to receive any underpayment. In addition, if the incarceration has been for twelve continuous months or more, he may file a new SSI application." Averhart Decl. ¶ 2(q). Accordingly, as Defendant correctly states, "while Plaintiff may be eligible for SSI payments for a period(s) prior to incarceration and/or for a period(s) after his release, . . . such payments cannot be effectuated until after Plaintiff is no longer a resident of a public institution." *See* ECF No. 21, at 7. Upon Plaintiff's release, Plaintiff should contact SSA with proof of his release to receive any payment of retroactive benefits. *See* ECF No. 21, at 7; Averhart Decl. ¶ 2(q).

In sum, the Court concludes that it does not have subject matter jurisdiction under 42 U.S.C. § 405(g) because Plaintiff has not exhausted his administrative remedies and Plaintiff is not presently entitled to payment of retroactive benefits under 5 U.S.C. § 706(1) because he is not entitled to receive SSI payments while incarcerated. As such, summary judgment is therefore appropriate against Plaintiff. The Court next turns its attention to Plaintiff's Motions.

First, Plaintiff has filed a Motion for Release of Funds.[3] ECF No. 23. Because Plaintiff

---

[3] The Court is sympathetic to Plaintiff's confusion regarding the "proof of release" required to receive retroactive payments. *See* ECF No. 23-3, at 1 (noting that Plaintiff sent a "copy of his release date to the [SSA] and [the SSA] still not trying to release the check"); *id.*, at 2 (stating that the "court[] want[s] to see proof of [his] release date to prove [his] claim"); *see also* ECF No. 21, at 64; ECF No. 22-1, at 1; ECF No. 23-3, at 2 (indicating that Plaintiff is serving a life sentence). Eligibility for payment of SSI benefits requires more than simply providing a potential release date to SSA. Rather, the claimant must actually be released from the public institution such that he is no longer incarcerated. *See* 20 C.F.R. §§ 416.211(a), 416.1325 (stating that ineligibility for payment of benefits "continues for so long as such individual remains a resident of a public

Case 1:23-cv-03019-SAG   Document 25   Filed 12/09/24   Page 7 of 7

Roderick J. v. O'Malley
Civil No. SAG-23-3019
December 9, 2024
Page | 7

already filed a Complaint, this Motion is redundant. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Moreover, the Motion contains no request for a specific order or asserts any legal bases in support, so the Court is constrained to deny it.[4] *See* Fed. R. Civ. P. 7(b)(1) (providing that a motion must "state with particularity the grounds for seeking [an] order" and "state the relief sought"); *see also* Loc. R. 105.1 (D. Md. 2023) ("Any motion . . . shall be filed with the Clerk and be accompanied by a memorandum setting forth the reasoning and authorities in support of it and a proposed order.").

Plaintiff has also filed a Motion to Grant Plaintiff for Judgment. ECF No. 22. In contravention of Federal Rule 7, Plaintiff does not state any legal bases for this Motion. *See* Fed. R. Civ. P. 7(b)(1)(B). Assuming Plaintiff seeks judgment on the pleadings, the absence of a responsive pleading in this case forecloses the availability of such relief. *See Stands Over Bull v. Bureau of Indian Affs.*, 442 F. Supp. 360, 367 (D. Mont. 1977) ("When a defendant has failed to file an answer, a motion for judgment on the pleadings is not the correct procedural remedy."). Assuming Plaintiff seeks summary judgment, as explained above, the Court must grant judgment against Plaintiff because he is not entitled to relief under either 42 U.S.C. § 405(g) or 5 U.S.C. § 706(1). As such, the Court will deny Plaintiff's Motion to Grant Plaintiff for Judgment.

For the reasons set forth herein, Plaintiff's Motion to Grant Plaintiff for Judgment, ECF No. 22, and Plaintiff's Motion for Release of Funds, ECF No. 23, are DENIED. Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 10, is treated as a motion for summary judgment and GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge

---

institution.").

[4] Plaintiff attempts to assert that "[i]f Social Security refuse to release [Plaintiff's] funds, [Plaintiff] would like a jury trial." ECF No. 23, at 3. However, the Social Security Act does not provide for jury trials in Social Security appeals. *See* 42 U.S.C. § 405(g).